**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES ROUDABUSH, | |
| Plaintiff, | Civil No. 12-29 (NLH) |
| v. | |
| NRDC EQUITY PARTNERS, LLC, et al., | OPINION |
| Defendants. | |

**APPEARANCES:**

**JAMES L. ROUDABUSH**, Plaintiff pro se
606 Cumberland Road
Fredericksburg, V.A. 22405

**HILLMAN**, District Judge

Plaintiff James L. Roudabush ("Plaintiff") seeks to bring this action in forma pauperis.  Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it

---

[1] Plaintiff initially failed to submit a complete in forma pauperis application with his complaint and the Court denied his application and administratively terminated this action.  (See Docket Entry No. 7.) Thereafter, Plaintiff submitted a complete in forma pauperis application. (Docket Entry No. 8.)  As such, this Court will re-open the case to review the complaint.

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed.

**I. BACKGROUND**

Plaintiff, incarcerated at R.R.J. in Stafford, Virginia at the time of filing, brings this complaint against Defendants NRDC Equity Partners, LLC;  Lord and Taylor, LLC; Chuck Taylor, an employee at Lord and Taylor Loss Prevention; and Jane Doe, another employee at Lord and Taylor Loss Prevention.  The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that on December 23, 2009, he was exiting the Lord and Taylor store at the Moorestown Mall in Moorestown, New Jersey after making a purchase.  Defendants Taylor and Jane Doe approached Plaintiff and while Defendant Taylor threw Plaintiff against a wall, Defendant Doe took Plaintiff's bag from another store.  She proceeded to beat him in the head and face with the bag.  Plaintiff alleges that he suffered scratches and bruises and had to be taken to the hospital for chest pain. Plaintiff alleges that Lord and Taylor and its parent company, NRDC Equity Partners, were aware of the policy and customs of the

Loss Prevention department.  Plaintiff is seeking monetary damages and declaratory relief.

**II.  DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal,

3

556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 129 S.Ct. at 1949-50.  See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d

224, 234-35 (3d Cir. 2008)).

**B. Analysis**

Though it is not entirely clear from the complaint, it appears that Plaintiff brings his action based on this Court's diversity jurisdiction.[2]

28 U.S.C. § 1332 can provide jurisdiction over state-law civil actions if, in the provision pertinent here, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States." It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365 (1978). In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction. Id.

A plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are

---

[2] To the extent Plaintiff intended to bring these claims pursuant to 42 U.S.C. § 1983, they would also fail since the Defendants are not state actors and he has not alleged a violation of his constitutional rights. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994)(To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law).

citizens of different states." <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 (5th Cir. 1979); see also <u>Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.</u>, 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction").

With respect to individuals,

> For purposes of determining diversity, state citizenship is equated with domicile. Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile. Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual....

<u>McCracken v. Murphy</u>, 328 F.Supp.2d 530, 532 (E.D.Pa. 2004) (citations omitted), aff'd, 129 Fed.Appx. 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." <u>McCracken</u>, 328 F.Supp.2d at 532 (citing <u>Flanagan v. Shively</u>, 783 F.Supp. 922, 935 (E.D.Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)).

Though Plaintiff alleges that the citizenship of the

6

Defendants is New York and New Jersey, Plaintiff has alleged no facts regarding his own citizenship. The fact of incarceration in Virginia is not sufficient, in and of itself, to establish citizenship in Virginia.[3]

The Court is mindful that Plaintiff appears here as a pro se plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. Haines, 404 U.S. at 519. Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.

Accordingly, because the Complaint fails to properly assert diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), and there is no federal question jurisdiction over any claim that may be construed from the Complaint against the named defendants, this Court will dismiss the Complaint without prejudice for failure to allege sufficient facts to establish federal jurisdiction.

## III.  CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[3] It appears that Plaintiff is no longer incarcerated at R.R.J. in Stafford, Virginia, since he provided this Court with a change of address. (Docket Entry No. 9.) However, Plaintiff has provided this Court with no information regarding this address and whether this is Plaintiff's domicile. It appears that it may not be, as mail sent to Plaintiff at that address in another case before the Court was returned as undeliverable. See Roudabush v. USA, Civil Action No. 11-980 (SDW), Docket Entry Nos. 96, 99.

and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies regarding jurisdiction noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[4]

Dated: September 12, 2012

At Camden.

                                            s/ Noel L. Hillman
                                            NOEL L. HILLMAN
                                            United States District Judge

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.